# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW MEXICO

**FELICE CAMBRIDGE,**

      **Plaintiff,**

**v.**                                                   **CIV. No. 99-377 LH/KBM**

**TAD RESOURCES INTERNATIONAL,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before me *sua sponte.* Having reviewed the pleadings filed in this case and the applicable law, I conclude that I lack subject matter jurisdiction and must remand this case to the First Judicial District Court, County of Los Alamos, State of New Mexico.

## Background

On July 1, 1998, Plaintiff filed her complaint in the First Judicial District Court, County of Los Alamos, State of New Mexico, asserting claims for damages for wrongful termination and for breach of contract. Plaintiff requested relief including the amount of her final paycheck, reinstatement of her employment, punitive damages, $8,000 in relocation expenses, and attorney fees. Nowhere in the complaint does Plaintiff quantify her request for damages.

On April 2, 1999 Defendant filed its notice of removal under 28 U.S.C. § 1441. This notice alleges that it was filed within thirty (30) days of service on Defendant of Plaintiff's

1

(Supplemental) Answers to Defendant's First Set of Interrogatories, which Defendant contends, for the first time, allege an amount in controversy in excess of $75,000. Defendant refers to Exhibit 10 as support for this contention. The notice of removal also states that complete diversity of citizenship exists and that this Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332.

**Legal Standard**

Federal court jurisdiction is to be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). There is a presumption against removal jurisdiction. *Laughlin v. KMart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied,* 516 U.S. 863 (1995). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden of establishing that removal was properly accomplished. *Id.* The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Laughlin* at 50 F.3d 873. A court lacking jurisdiction must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. *Id.*

**Discussion**

It is now incumbent on this Court to determine whether Defendant has met its burden to establish that removal was properly accomplished in this instance. In this regard I will first examine the allegations of the complaint. As set forth above, it is clear that Plaintiff's state-court complaint, on its face, does not establish that the amount in controversy is greater than $75,000. *See Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995) (court can determine in

2

first instance that removal was proper if it is facially apparent from complaint that plaintiff's claims exceed the jurisdictional minimum). This complaint is extremely general and vague concerning the damages sought. For example, Paragraph 14C requests damages suffered due to Plaintiff's wrongful termination "in an amount to be determined at trial".

I will next evaluate the sufficiency of allegations in the notice of removal. As noted by the *Laughlin* opinion, the party requesting removal must, in the notice of removal itself, set forth the underlying facts supporting the assertion that the minimum-amount-in-controversy has been met. *Laughlin* at 50 F.3d 873. Although the defendant in *Laughlin* proffered evidence concerning the amount in controversy after the notice of removal had been filed, the Tenth Circuit held that the evidence could not be considered. Instead, said the Court, the requisite amount in controversy must be affirmatively established on the face of the complaint or the notice of removal. *Id.* In light of *Laughlin,* given the inadequacy of allegations in the complaint, it appears that it was incumbent on this Defendant to set forth facts, in the notice of removal itself, showing that the amount-in-controversy has been met. *See Barber v. Albertsons, Inc.*, 935 F. Supp. 1188, 1190 (N.D. Okl. 1996)(interpreting *Laughlin* to impose such a hurdle).

The facts set forth in the notice of removal itself do not establish that the amount-in-controversy has been met. The notice merely contains the conclusion that Exhibit 10, for the first time, alleges an amount in controversy in excess of $75,000. This notice is facially inadequate under the requirements of the Tenth Circuit in the *Laughlin* case. Furthermore, this jurisdictional amount is not met even if I incorporate into the analysis the content of Exhibit 10, Plaintiff's Answers to Defendant's First Set of Interrogatories. My review of this exhibit shows it to be seriously lacking in establishing the jurisdictional amount. The conclusory answer of the Plaintiff

in this exhibit that the amount in controversy exceeds $75,000 is clearly inadequate under *Laughlin*.

Accordingly, because Defendant's notice of removal fails to set forth the underlying facts to support the assertion that the amount-in-controversy exceeds $75,000, I conclude that I lack subject matter jurisdiction over this action. As noted above, there is a presumption against removal jurisdiction. Pursuant to the foregoing, the Court finds that Defendant has not overcome that presumption in this case.

Because this action was removed, 28 U.S.C. § 1447(c) governs its disposition in this Court. That section provides that if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. Thus, remand is appropriate in this instance.

**IT IS THEREFORE ORDERED** that this case is remanded to the First Judicial District Court, County of Los Alamos, State of New Mexico.

_____
**UNITED STATES DISTRICT COURT JUDGE**